IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Hon. Philip G. Reinhard |
| | ) | Case No. 16 CR 50054 |
| NATHAN R. TAUCK | ) | |

## RESPONSE TO SENTENCING MEMORANDUM

Nathan Tauck by the Federal Defender Program, John F. Murphy Executive Director, and Paul E. Gaziano one of his assistants submits this Response to the Government's Sentencing Memorandum

The government in its sentencing memorandum seeks a sentence of 50 years' imprisonment. The government's proposed sentence requires the court to impose the maximum sentence on both counts of conviction to be served consecutively. The imposition of the government's sought for sentence is substantively unreasonable and this Court should not follow the government's recommendation.

The presentence investigation report calculates the advisory guideline range to be 292-365 months' imprisonment. The government seeks a total sentence of 600 months or an upward variance of 235 months from highest level of the applicable guideline range. The upward departure sought for is one of 64%.

The government seeks this departure on the claim that the guidelines do not account for Mr. Tauck's criminal conduct. The crimes of conviction and the factual admissions he made at the time of his plea constitute his criminal conduct. The sentencing

1

guidelines take into consideration the age of the minor; the distribution of the material; his relationship to the minor (Count 1).[1] The sentencing guidelines for Count 2 take into consideration the age of the minor; that distribution occurred for an exchange of consideration but not pecuniary gain; the nature of the materials; the exploitation of a toddler; the use of a computer; and the number of images. The sentencing guidelines also take into consideration Mr. Tauck's criminal history.

The government seeks this upward variance in part based upon Mr. Tauck's disturbing chats in social media. Mr. Tauck does not dispute that the chats are alarming and disconcerting. Those chats do not require the Court to impose a sentence varying upward from the guidelines. The government concedes that whether Mr. Tauck "actually acted on his urges or not may never be known." R. 94, p.7.  The government asks the Court to impose a sentence on the government's speculation and the disturbing chats.

The Court should not impose an upward variance based on speculation of "whether he actually acted on his urges." The government's memorandum reveals that it lacks the proof to establish this point.

In support of its position, the government cites several cases. An examination of those cases reveals that the government's reliance is misplaced. *New York v. Ferber* 458 U.S. 747 (1982) does not deal with the sentencing of persons engaged in child pornography, rather *Ferber* deals with the constitutionality of child pornography statutes. Mr. Tauck does not challenge the constitutionality of the criminal statutes in this case. *United States* v.

---

[1] The PSR in its calculations for count one did not impose a specific offense characteristic for the commission of a sexual act or sexual contact, or the commission of a sexual act and conduct described in 18 U.S.C. 2241 (a) or (b). The government did not seek that offense characteristic. The government agrees with the sentencing guideline calculation. R. 94, p.4.

2

*Moore*, 215 F3d 681 (7th Cir 2000) dealt with the legality of a government search which resulted in the discovery of child pornography. Mr. Tauck has not challenged the legality of the search in this case.

*United States v. Brown*, 634 F.3d 954 (7th Cir. 2011) establishes that government's requested sentence is substantively unreasonable. The government states Mr. Brown's sentence was based in part on disturbing discussions relating to child pornography and sex with children. R. 94 p.7. Mr. Brown was charged in the Southern District of Indiana, case no. 08 CR 00006. Mr. Brown, unlike Mr. Tauck, put the government to its burden by requiring a jury trial.

At sentencing the district court found that Mr. Brown's offense level was 40 and within criminal history category I, yielding a sentencing range of 292 to 365 months' imprisonment. 08CR00006 R. 84, p.4.(Sent. Transcript). Because Mr. Brown contested his guilt at trial, he did not receive an acceptance of responsibility adjustment. The government sought a sentence at the low-end of the sentencing guideline range. *Id.* at 17. The district court imposed a sentence of 240 months on the possession of child pornography charge and a concurrent sentence of 120 months on the transportation of child pornography charge. Notwithstanding the disturbing chats and real conversations with the mother of a young girl, the district court varied downward from the advisory guideline range more than four years. Brown fails to support the government's proposed upward variance of 64%.

*United States v. Wayeski*, 624 F.3d 1342 (11th Cir.) also fails to support an upward

3

variance of 64% in this case. In that case, defendants were part of wide-ranging, sophisticated group of individuals who exchanged thousands of images and videos of child pornography. One of the charges against them was engaging in a child exploitation enterprise (18 U.S.C. 2252A (g) which is punishable by a term or mandatory minimum term of 20 years to life. The district court-imposed a within guideline sentence on defendant Wayeski. *Id*. at 1353. The government here asserts that the sentence in Wayeski was based " in part because defendant posted a diary entry where he described his sexual fantasies about an eight-year-old neighbor." R.94 p.7

Wayeski committed acts in addition to making entries in his diary. Mr. Wayeski filmed the young girl referred to in his diary; attempted to videotape her while she was undressing; and a search of Wayeski's home led to the discovery of a pair of the young girl's underwear matching a pair which the girl's mother stated were missing. The district court imposed a within guidelines sentence; not one varying upwards by 65%.

Mr. Tauck does not challenge that his chats were disturbing. In *United States v. Valle,* 807 F.3d 508 (2nd Cir. 2015) the court heard the government's appeal from the district court's granting Valle's motion for a judgment of acquittal after verdict. (Fed. R. Cr. P., Rule 29).

Valle was a member of an Internet sex fetish community, Dark Fetish Network (DFN). His wife discovered on Valle's computer detailed email and chats where Valle discussed butchering her and raping and torturing other women he knew. Those chats and emails were distributed to DFN. Valle and others in the network communicated frequently regarding their plans to kidnap, rape, torture, cook, and cannibalize victims,

4

actual women they knew. The emails were detailed in plans and identified the proposed targets.

The government indicted Valle and others with conspiracy to kidnap several of the women discussed in the on-line chats. The Second Circuit termed this a "case between fantasy and criminal intent" Id 511. The Court continued "we are loath to give the government the power to punish us for our thoughts and not our actions. (citation omitted). That included the power to criminalize an individual's expression of sexual fantasies, no matter how perverse or disturbing. Fantasizing about a committing a crime, even a crime of violence against a real person whom you know is not a crime." Id.at 511. Mr. Tauck's language is disturbing and those fantasies in which he engaged should be addressed in a treatment center; but the use of that language in a chat room is not criminal.

The government has not offered sufficient proof that the proposed variance is reasonable. The cases relied upon by the government do not support the 64% upward variance.

Mr. Tauck has publicly admitted his guilt, unlike Mr. Brown who received a downward departure not an upward variance. The government has acknowledged that Mr. Tauck accepted responsibility for his criminal conduct. Mr. Tauck has demonstrated his sorrow for the victims of his crimes. He has used wisely his pretrial custodial time. Mr. Tauck's family continues in its support of him.

The 18 U.S.C. 3553 factors were reviewed in the original sentencing memorandum. A sentence in accord with the government's request is a *de facto* life sentence. The National

5

Vital Statistics Report of August 8, 2022 places Mr. Tauck's life expectancy at 45 years. https://ftp.cdc.gov/pub/Health_Statistics/NCHS/Publications/NVSR/71-01/Table02.xisx.

In the case cited by the government, *United States v. Craig*, 703 F.3d 1001 (7th Cir. 2012), the Court affirmed a total sentence of 50 years for an individual who had repeatedly photographed his sexual assaults upon a young lady over a three-year period. Craig obtained other pornographic photographs of the young girl by threatening to kill her. In Judge Posner's concurring opinion upon which the government relies, the Judge reminded the district judges of the careful consideration of imposing de facto life sentences. Mr. Craig's crimes were far more serious than Mr. Tauck's crimes of conviction.

Judge Posner noted that "capacity and desire to engage in sexual activity diminish in old age. Moreover, when released, a sexual criminal is subject to registration and notification requirements that reduce access to potential victims." [ quoting from Kendall and Funk, Child Exploitation and Trafficking: Examining the Global Challenges and U.S. Responses 310, 320 (2012) *Id* at 1003-1004[2]. In addition to the registration requirements, Mr. Tauck will be subject to lifetime supervision. Mr. Tauck understands and appreciates that any violation of the terms of supervised release will lead to incarceration.

Mr. Tauck submits that a sentence varying downward from the advisory sentencing guideline range is appropriate. A sentence of not more than 240 months' imprisonment followed by lifetime supervised release is sufficient to comply with the sentencing factors in 18 U.S.C §3553.

---

[2] This is the same work cited by the government. R. 94, p.8

6

During that time, Mr. Tauck will be able to address his actions through the Sex Offender Management Program. He will be able to participate in programs which will enable to secure employment so that he can provide restitution to the victims of his crime. Upon his release he will be on supervised release for the remainder of his life. The terms of supervised release will assist in protecting the public and in deterring Mr. Tauck from further criminal activity.

Respectfully submitted,
FEDERAL DEFENDER PROGRAM
John F. Murphy,
Executive Director

By:/s/ Paul E. Gaziano
PAUL E. GAZIANO
Attorneys for Defendant
401 W. State Street, Suite 800
Rockford, Illinois 61101
(815) 961-3303
Paul_Gaziano@fd.org