# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>NATHAN R TAUCK | ) ) ) ) ) ) ) ) ) ) ) | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 3:16-CR-50054(1)<br><br>USM Number: 90655-053<br><br>Paul Edmund Gaziano<br>Defendant's Attorney |

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 1 and 2 of the Indictment.
☐ pleaded nolo contendere to count(s)　　which was accepted by the court.
☐ was found guilty on count(s)　　after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 2251(a) Sexual Exploitation of Children | 10/2015 | 1 |
| 18 U.S.C. § 2252A(a)(1) Transportation of Child Pornography | 10/5/2015 | 2 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 3, 4 and 5 of the Indictment are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

May 12, 2023
Date of Imposition of Judgment

_/s/ Philip G. Reinhard_
Signature of Judge
Philip G. Reinhard, United States District Judge

Date　May 16, 2023

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 432 months which is broken down as follows: Three hundred sixty (360) months as to Count 1. One hundred sixty eight (168) months as to Count 2 to run concurrent to Count 1. Seventy two (72) months as to Count 2 to run consecutive to Count 1.

☒ The court makes the following recommendations to the Bureau of Prisons:

Recommendation to assign to Sex Offender Management Program, if Marion, IL has that program would recommend that facility to be near family; Recommendation to receive mental health evaluation and counseling; and recommendation to participate in RDAP if available.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at     on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2:00 pm on

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case: 3:16-cr-50054 Document #: 105 Filed: 05/16/23 Page 3 of 10 PageID #:521
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release                                                                                          Judgment – Page 3 of 10

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of: Life as to Count 1; Life as to Count 2 to run concurrent to Count 1.

 The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

- ☒ (1) you shall not commit another Federal, State, or local crime.
- ☒ (2) you shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
- ☒ (3) you shall not unlawfully possess a controlled substance.
- ☐ (4) you shall attend a public, private, or private nonprofit offender rehabilitation program that has been approved by the court, if an approved program is readily available within a 50-mile radius of your legal residence. [Use for a first conviction of a domestic violence crime, as defined in § 3561(b).]
- ☒ (5) you shall register and comply with all requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20913).
- ☒ (6) you shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.
- ☒ (7) you shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release. [This mandatory condition may be ameliorated or suspended by the court for any defendant if reliable sentencing information indicates a low risk of future substance abuse by the defendant.]

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in § 3553(a)(1) and (a)(2)(B), (C), and (D); such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in § 3553 (a)(2) (B), (C), and (D); and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994a.
The court imposes those conditions identified by checkmarks below:

**During the period of supervised release:**

- ☐ (1) you shall provide financial support to any dependents if financially able.
- ☐ (2) you shall make restitution to a victim of the offense under § 3556 (but not subject to the limitation of § 3663(a) or § 3663A(c)(1)(A)).
- ☐ (3) you shall give to the victims of the offense notice pursuant to the provisions of § 3555, as follows: ▓▓▓.
- ☒ (4) you shall seek lawful employment or pursue conscientiously a course of study or vocational training that will equip you for employment. If lawfully employed, you must work conscientiously.
- ☐ (5) you shall refrain from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s)) ▓▓▓.
- ☒ (6) ☒ (a) you shall refrain from knowingly meeting, communicating, or otherwise interacting with any person whom you know to be engaged, or planning to be engaged, in criminal activity;
   ☒ (b) you shall refrain from knowingly meeting, communicating, or otherwise interacting with any person whom you know is a convicted felon, unless granted permission by the court or probation officer. ☒ This condition does not apply to the following persons: family members, co-workers while at work, or those in a treatment setting.

Case: 3:16-cr-50054 Document #: 105 Filed: 05/16/23 Page 4 of 10 PageID #:522
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release                                                                                               Judgment – Page 4 of 10

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

☐ (c) you shall refrain from visiting the following type of places: ▒.

☒ (d) you shall refrain from knowingly meeting, communicating, or otherwise interacting with the following persons: Victim A (Avery Tauck).

☒ (7) you shall refrain from ☒ any or ☐ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08); or ☐ ▒ ), and any use of a narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner.

☒ (8) you shall refrain from possessing a firearm, BB gun, pellet gun, or destructive device, and you shall refrain from using any other object as a dangerous weapon. The term "dangerous weapon" includes objects used, though not designed to be used, as weapons.

☒ (9) ☒ (a) you shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The program may include testing, up to a maximum of 104 tests per year to determine your compliance with the requirements of the program. The probation officer shall supervise your participation in the program.

☒ (b) you shall participate in a mental health treatment program. The program shall be approved by the probation officer. You shall abide by the rules and regulations of the program. The probation officer, in consultation with the treatment provider, shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

☐ (c) you shall take all mental health medications prescribed to you by your mental health treatment provider.

☐ (d) you shall participate, at the direction of a probation officer, in medical care; (if checked, please specify: ▒.)

☐ (10) (intermittent confinement): you shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling ▒ [no more than the lesser of one year or the term of imprisonment authorized for the offense], during the first year of the term of supervised release (provided, however, that a condition set forth in § 3563(b)(10) shall be imposed only for a violation of a condition of supervised release in accordance with § 3583(e)(2) and only when facilities are available) for the following period ▒.

☐ (11) (community confinement): you shall reside at, or participate in the program of a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term of supervised release, for a period of ▒ months.

☐ (12) you shall work in community service for ▒ hours within a period of ▒ months. The probation officer shall supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). The defendant shall provide written verification of completed hours to the probation officer.

☐ (13) you shall reside in the following place or area: ▒, or refrain from residing in a specified place or area: ▒.

☒ (14) you shall refrain from knowingly leaving the federal judicial district where you are being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

☒ (15) you shall report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment. You shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

☒ (16) ☒ you shall permit a probation officer to visit you:
  ☒ (a) at home ☐ (i) between the hours of 6:00 a.m. and 10:00 p.m.;
      or ☒ (ii) at any reasonable time.
  ☒ (b) at work to verify your employment.
  ☒ (c) at work, a community service location, or any other reasonable location
      to verify your compliance with your supervised release conditions.
  ☐ (d) (other) ▒.
☒ you shall permit confiscation of any contraband observed in plain view of the probation officer.

☒ (17) you shall notify the probation officer within 72 hours of becoming aware of any change in your employer or residence.

☒ (18) you shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a person you know to be a law enforcement officer.

Case: 3:16-cr-50054 Document #: 105 Filed: 05/16/23 Page 5 of 10 PageID #:523
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release
Judgment – Page 5 of 10

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

- ☐ (19) ☐(a)(i) (home incarceration) for a period of ▓▓ months, you are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.

    ☐(a)(ii) (home detention) for a period of ▓▓ months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer.

    ☐(a)(iii) (curfew) for a period of ▓▓ months, you are restricted to your residence every day ☐ from the times directed by the probation officer; or ☐ from ▓▓ to ▓▓.

    ☐(b) your compliance with this condition shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and you shall abide by all technology requirements.

    ☐(c) you shall pay all or part of the cost of the location monitoring, at the daily contractual rate, if you are financially able to do so.

- ☐ (20) you shall comply with the terms of any court order or order of an administrative process pursuant to the law of a State, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of a child or of a child and the parent with whom the child is living.

- ☐ (21) ☐ (a) upon release by the U.S. Bureau of Prisons, you shall immediately report to U.S. Immigration and Customs Enforcement, and you shall abide by any instructions and reporting directives from U.S. Immigration and Customs Enforcement. If you are released by U.S. Immigration and Customs Enforcement, you must report, within 72 hours of your release, to the United States Probation Office in the district to which you are released.

    ☐ (b) you shall not illegally remain in the United States following an order of deportation removal.

    ☐ (c) if you reenter the United States after being deported or removed, you shall report, within 72 hours of reentry, to the United States Probation Office nearest your point of reentry.

    ☐ (d) you shall obtain the proper documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States.

- ☐ (22) (placeholder)

- ☒ (23) you shall submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the area(s) to be searched contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

- ☐ (24) you shall submit your person, property, house, residence, office, vehicle, papers to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the area(s) to be searched contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified by checkmarks below:

**During the term of supervised release:**

- ☐ (1) if you have not obtained a high school diploma or equivalent, you shall participate in a General Educational Development (GED) preparation course and seek to obtain a GED within the first year of supervision.

- ☐ (2) you shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

- ☐ (3) you shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed ▓▓ hours.

Case: 3:16-cr-50054 Document #: 105 Filed: 05/16/23 Page 6 of 10 PageID #:524
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release
Judgment – Page 6 of 10

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

☐ (4) you shall not engage in any occupation that involves any of the following without obtaining prior approval from the court or probation officer:
- ☐ fiduciary responsibility;
- ☐ telemarketing, direct mail, or advertising campaigns for business purposes;
- ☐ the practice of medicine;
- ☐ access to credit card or debit card numbers,
- ☐ access to Social Security numbers; or
- ☐ (other) ▓▓▓.

☒ (5) you shall not incur new credit charges of $250 or more or open additional lines of credit without the approval of a probation officer unless you are in compliance with the financial obligations imposed by this judgment.

☒ (6) you shall provide a probation officer with access to any requested financial information for use in connection with collection of outstanding fines and/or restitution obligations.

☒ (7) you shall notify the court within 72 hours of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

☐ (8) you shall file accurate income tax returns and pay all taxes, interest, and penalties due and owing by you to the Internal Revenue Service.

☒ (9) ☒(a) you shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. You shall comply with all recommended treatment, which may include psychological and physiological testing. Testing shall not include plethysmograph testing.

☒(b) you shall not possess or use at any location (including your place of employment), any computer, external storage device, or any device with access to any online computer service without the prior approval of a probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or email system.

☒(c) you shall consent to the installation of Computer and Internet Monitoring Program software on all approved computers to which you have access, and you shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the United States Probation Office. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. You shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The cost of the monitoring shall be paid by you at the monthly contractual rate.

☒(d) you shall not possess any device that could be used for covert photography without the prior approval of a probation officer.

☒(e) you shall not view or possess child pornography. If the treatment provider determines that exposure to other sexually stimulating material may be detrimental to the treatment process, or that additional conditions are likely to assist the treatment process, such proposed conditions shall be promptly presented to the court, for a determination, pursuant to **18 U.S.C. § 3583(e)(2)**, regarding whether to enlarge or otherwise modify the conditions of supervision to include conditions consistent with the recommendations of the treatment provider.

☒(f) you shall not, without the approval of a probation officer and treatment provider, engage in activities that will put you in unsupervised private contact with any person under the age of 18, and you shall not knowingly visit locations where persons under the age of 18. To be considered "supervised," the private contact must be supervised at all times by an individual who has been informed of the offender's sexual offense history and conduct, who has been trained as a chaperone, and who has been approved by both the probation office and treatment provider. In addition, you shall not knowingly visit locations where persons under the age of 18 regularly congregate, including parks, schools, school bus stops, playgrounds, and childcare facilities. This condition does not apply to contact in the course of normal commercial business or unintentional incidental contact.

☒(g) prior to accepting any form of employment, you shall seek the approval of a probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community you will pose in a particular capacity. You shall not participate in any volunteer activity that may cause you to come into direct contact with persons under the age of 18 except under circumstances approved in advance by a probation officer and treatment provider.

☒(h) you shall provide the probation officer with copies of your telephone bills, all credit card statements/receipts, and any other financial information requested

☒(i) you shall comply with all state and local laws pertaining to convicted sex offenders, including such laws that impose restrictions beyond those set forth in this order.

Case: 3:16-cr-50054 Document #: 105 Filed: 05/16/23 Page 7 of 10 PageID #:525
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment – Page 7 of 10

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

☒ (10) you shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings.

☒ (11) you shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.

☐ (12) you shall pay to the Clerk of the Court $ as repayment to the United States of government funds you received during the investigation of this offense. (The Clerk of the Court shall remit the funds to .)

☐ (13) Other: .

Case: 3:16-cr-50054 Document #: 105 Filed: 05/16/23 Page 8 of 10 PageID #:526
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties
Judgment – Page 8 of 10

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $60,000.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

**Restitution of $62,000.00 to:**

"JOHN DOE 1" (8 KIDS SERIES)
$3,000.00

"JOHN DOE 2" (8 KIDS SERIES)
$3,000.00

"JOHN DOE 3" (8 KIDS SERIES)
$3,000.00

"JOHN DOE 4" (8 KIDS SERIES)
$3,000.00

"JOHN DOE 5" (8 KIDS SERIES)
$3,000.00

"APRIL" (APRILBLONDE SERIES)
$3,000.00

"VIOLET" (AT SCHOOL SERIES)
$3,000.00

"HENLEY" (BLUE PILLOW1 SERIES)
$3,000.00

"JANE" (CINDER BLOCK BLUE SERIES)
$3,000.00

"SIERRA" (JAN_SOCKS1 SERIES)
$3,000.00

"SAVANNAH" (JAN_SOCKS2 SERIES)
$3,000.00

"SKYLAR" (JAN_SOCKS3 SERIES)
$3,000.00

"SALLY" (JAN_SOCKS4 SERIES)
$3,000.00

Case: 3:16-cr-50054 Document #: 105 Filed: 05/16/23 Page 9 of 10 PageID #:527
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment – Page 9 of 10

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

"JENNY" (JENNY SERIES)
$3,000.00

"SARAH" (MARINELAND1 SERIES)
$3,000.00

"AVA" (SWEET PURPLE SUGAR SERIES)
$3,000.00

"MYA" (SWEET PINK SUGAR SERIES)
$3,000.00

"PIA" (SWEET WHITE SUGAR SERIES)
$3,000.00

"TARA" (TARA SERIES)
$3,000.00

"LILY" (VICKY SERIES)
$3,000.00

☐ Restitution amount ordered pursuant to plea agreement .

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the restitution.

☐ the interest requirement for the        is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case: 3:16-cr-50054 Document #: 105 Filed: 05/16/23 Page 10 of 10 PageID #:528
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments
Judgment – Page 10 of 10

DEFENDANT: NATHAN R TAUCK
CASE NUMBER: 3:16-CR-50054(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $60,200.00 due immediately.

    ☐ balance due not later than     , or

    ☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal     *(e.g. weekly, monthly, quarterly)* installments of $     over a period of     *(e.g., months or years)*, to commence     *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal     *(e.g. weekly, monthly, quarterly)* installments of $     over a period of     *(e.g., months or years)*, to commence     *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within     *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
You shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of your gross earnings minus federal and state income tax withholdings

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**      **Total Amount**      **Joint and Several Amount**      **Corresponding Payee, if Appropriate**

\*\*See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.\*\*

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.